**FRANKO, Plaintiff-Appellant, v. OHIO EDISON COMPANY, Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3584.   Decided March 18, 1954.

222

Stephen J. Franko, Youngstown, for plaintiff-appellant.
Harrington, Huxley & Smith, Youngstown, for defendant-appellee.

## OPINION

PER CURIAM.

The sole question in this case is whether the owner of property abutting upon a public street in a municipality duly dedicated for public use may enjoin a public utility company operating under a franchise granted by the council of the city from erecting poles in front of her property.

Where the street has been dedicated for the use of the public, as in this case, we hold that the only limitation upon the utility company is that the poles shall not interfere with the property owner's rights of access, light, air and view. (Smith v. Central Power Company, 103 Oh St 681.)

There is no claim nor evidence that there has been any substantial interference with her special easements of access, light, air and view.

The judgment of the Court of Common Pleas denying the injunction is hereby affirmed.

GRIFFITH, PJ, concurs.
PHILLIPS, J, concurs in judgment.
NICHOLS, J, concurs.

No. 3584. Decided March 18, 1954.

**OPINION**

By PHILLIPS, J.

Plaintiff, the owner of a parcel of improved real estate situated on Rush Boulevard, where Maywood Drive intersects that street in the Boulevard Park Second Addition to Youngstown, sued defendant, a public utility corporation, in the court of common pleas, and in her third amended petition prayed "that defendant be enjoined, restrained and compelled to discontinue the use of and remove its poles and lines erected in the road passing along plaintiff's aforesaid property and from Maywood Drive, Euclid Boulevard and Rush Boulevard as herein set forth, and for all relief in law and in equity to which plaintiff is entitled in the premises."

The trial judge found plaintiff was not entitled "to a mandatory injunction," and entered "judgment for defendant against plaintiff for costs."

Plaintiff appealed from that judgment to this court on questions of law, and by assignment of errors contends that "the judgment of the trial court is contrary to and in violation of **Art. I, Sec. 10,** of the **Constitution** of the State of Ohio, as well as **Art. XIII, Sec. 5,** of that **Constitution,**" and "is not supported by sufficient evidence and is contrary to law."

It is the contention of plaintiff that her evidence discloses that Boulevard Park Second Addition to Yougstown was designed and planned twenty-five years ago as an exclusive residential area, and consists, among other streets, of Rush and Euclid Boulevards, which extend in a general southerly direction from Midlothian Boulevard and are interesected by other duly dedicated streets of that allotment; that each of such streets are ninety feet wide, broken in the center by seven landscaped center islands or parks ten feet wide maintained by the Park Department of the City of Youngstown, and white-way lighted by lights erected on ornamental iron posts by underground current furnished by defendant; that land owners in such allotment granted defendant easements over a three foot strip of the rear end of their respective lands for erection of poles and wires for conducting its product to users thereof, of which easement it has availed itself for the past twenty-five years; that without plaintiff's consent in June 1949 defendant placed within her tree line and that of abutting property owners "a second system of wooden poles, seven (7) in number, at approximately 160 foot intervals with attached equipment for conducting electric current." It is to this so-called "second system" that plaintiff

objects and to which she refers in the prayer of her third amended petition.

The burden of plaintiff's argument with reference to violation of her constitutional rights is that the erection of the so-called "secondary system," which she claims is "ugly and unsightly," without her knowledge or compensation to her therefor, adds a burden upon the fee of the abutting property, and within the meaning of the Ohio Bill of Rights. is a taking of her property without due process of law, and being for a private purpose is a diversion of the street from the purpose originally designed and interferes with and invades her lawful use of the street.

It is stipulated that prior to 1949 defendant served plaintiff's residence with electricity from its Indianola Avenue substation, which was transmitted from Midlothian Boulevard east to the intersections of Rush and Euclid Boulevards, and connected with pole lines constructed at the rear of residences fronting Rush and Euclid Boulevards.

In 1949 and thereafter defendant supplied plaintiff's residence with electricity from its new substation situated at Clifton Avenue at Southern Boulevard, which is southwest of plaintiff's residence; that for the purpose of serving plaintiff and other residents of the area better defendant·extended its pole line on Maywood Drive east to the city limits through the Boulevard Park Addition in accordance with the franchise ordinance with the City of Youngstown, but that plaintiff, and others situated similarly, still receive electricity from the pole line at the rear of their lots, which is now energized from the line on Maywood Avenue rather than the· line on Midlothian Boulevard; and that the extension on Maywood Drive is an essential part of the Ohio Edison Company's distribution line.

The only difference in the receipt of the electricity now and before 1949 is that the line supplying plaintiff's residence is energized from the pole line on Maywood Drive rather than from the pole line on Midlothian Boulevard, which lines and supporting poles the evidence discloses in no way interfere with plaintiff's free ingress or egress to her property.

The Legislature of Ohio has long recognized the use by telephone, telegraph and electric companies of public streets as proper when such use does not inconvenience the general public in its use thereof. Secs. 9170 and 9195 GC (now §§4931.01 R. C. and 4933.13 R. C.).

A municipality is charged by §3714 GC (now §723.01 R. C.) with the responsibility of maintaining the streets, and the legislature has given the municipality the authority to regulate the use of the streets by such utilities. By §3585 GC (now §711.07 R. C.) the legislature distinguishes between streets of municipalities and highways outside municipalities. This distinction has been followed constantly by the courts of this state.

The Supreme Court has held that the rights of abutting property owners to a city street is limited to access, light, air and view.

There is no evidence of any interference with any of plaintiff's legal rights, and since she has failed to prove such by the required degree of proof the trial court did not err in denying her injunctive relief.

The judgment of the court of common pleas is affirmed.

GRIFFITH, PJ, NICHOLS, J, concur in judgment.